CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 10 2008

JOHN F. CORCORAN, CLERK.
BY: _____
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| PATRICK WILLIAM PIERCE, II, | CIVIL NO. 3:08mc ___00007___ |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| MOHAMED NILAMDEEN, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit, which Plaintiff filed this morning, as well as the accompanying motion for a temporary restraining order (TRO) and motion for a preliminary injunction (PI). Plaintiff's motions ask the Court to enjoin Defendant from evicting Plaintiff from his home. According to the eviction notice, Plaintiff was to have vacated the premises by 10:30 a.m. today, but Plaintiff has informed the Court that he has obtained an extension until 5:00 p.m. I will grant Plaintiff's Application to Proceed Without Prepayment of Fees, but in reviewing a complaint pursuant to § 1915, a court must dismiss a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Because I find that Plaintiff's filings fail to state such a claim, his case must be dismissed

Whether a complaint states a claim upon which relief can be granted is determined by the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003); *Sumner v. Tucker*, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be

Dockets.Justia.com

dismissed only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

This standard presents a difficulty for Plaintiff from the outset because Plaintiff has not filed a complaint at all. Indeed, the nature of Plaintiff's action is not entirely clear. On his civil cover sheet, Plaintiff has checked the box indicating that this action is an appeal from a bankruptcy court judgment. Although Plaintiff's motions do appear to complain of a bankruptcy court order, Plaintiff has not filed a notice of appeal and motion for leave to appeal with the bankruptcy court as required by Federal Rule of Bankruptcy Procedure 8001(b). Moreover, it does not appear that Plaintiff ever raised the issue of a TRO or PI with the bankruptcy court. Accordingly, that issue may not be considered on appeal, and Plaintiff's filings therefore fail to state a claim on which relief can be granted. *See Williams v. Prof'l Transp. Inc.*, 294 F.3d 607, 614 (4th Cir. 2002) ("Issues raised for the first time on appeal are generally not considered absent exceptional circumstances."); *see also In re Pan Am. World Airways*, 905 F.2d 1457, 1461–62 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the [trial] court, that is, in such a way as to afford the [trial] court an opportunity to recognize and rule on it.").

If I liberally construe Plaintiff's filings as containing a valid complaint instituting a separate civil case, instead of as a bankruptcy appeal, the result is no different. One of the four factors that a court must consider in deciding whether to grant a TRO or PI is the likelihood that Plaintiff will succeed on the merits of his claim. *U.S. Dep't of Labor v. Wolf Run Mining Co.*, 452 F.3d 275, 280 (4th Cir. 2006) (citations omitted). Underlying Plaintiff's motions for a TRO and a PI are his allegation that Defendant's Writ of Possession is invalid because Defendant did not comply with a certain notice provision of the Virginia Code, and that the eviction

proceedings therefore violate the automatic stay imposed under the Bankruptcy Code by the filing of a bankruptcy petition. *See* 11 U.S.C. § 362(a)(3). The automatic stay does not apply, however, to eviction proceedings arising out of a judgment obtained prior to the filing of the bankruptcy petition.[1] *Id.* § 362(b)(22).

According to Plaintiff, he filed his bankruptcy petition on January 7, 2008, and Defendant obtained a judgment for past due rent on November 14, 2007 and a Writ of Possession sometime prior to January 4, 2008. Thus, Plaintiff effectively concedes that Defendant obtained a "judgment for possession," *id.*, prior to Plaintiff's filing for bankruptcy. Plaintiff's only dispute is that this judgment is invalid because Defendant did not comply with notice provision of the Virginia statute. In short, Plaintiff does not dispute the *fact* of the judgment, but rather only the *validity* of the judgment. However, the validity of the judgment is an issue Plaintiff must take up with the Virginia state courts. Nothing in § 362 suggests that a federal court considering a bankruptcy petition can "look behind" a facially valid state-court judgment and second-guess the state court's decision on matters of non-bankruptcy state law. Accordingly, because there is little or no likelihood that Plaintiff will succeed on the merits of his claim, I will dismiss his case in an Order to follow.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all parties.

Entered this \_\_\_10th\_\_\_ day of March, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] 11 U.S.C. § 362(l) provides an exception to this rule if certain conditions are met, but Plaintiff does not dispute, and the bankruptcy court has confirmed, that he has not satisfied these conditions.